IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON LAMONTE SANDERS and JOSLYN LASHAE HERNDON SANDERS,<br><br>   Plaintiffs,<br><br>v.<br><br>COMMISSIONER, TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, et al.,<br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:26-CV-96-X-BW |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are two motions filed by pro se Plaintiffs Joslyn Lashae Herndon Sander ("Joslyn") and Jason Lamonte Sanders ("Jason") (collectively, "Plaintiffs") requesting an expedited determination of subject matter jurisdiction. (*See* Dkt. Nos. 9, 14 (collectively, "Motions to Expedite").)  Pursuant to 28 U.S.C. § 636(b) and Special Order No. 3-251, this case is referred to the undersigned United States magistrate judge for pretrial management, which includes making findings, conclusions, and a recommended disposition when appropriate.  (Dkt. No. 1.)

Based on the relevant filings and applicable law, the undersigned recommends that the Motions to Expedite (Dkt. Nos. 9, 14) be granted and further recommends that, because Plaintiffs have not established federal subject matter jurisdiction, this lawsuit should be dismissed without prejudice.

## I. BACKGROUND

Plaintiffs filed this pro se civil rights lawsuit against the Texas Department of Family and Protective Service ("DFPS") and certain of its employees, apparently based on the removal of minor child J.S. from Joslyn's custody and placement into foster care. (*See generally* Dkt. No. 3 ("Complaint") ("Compl.").) As alleged in the Complaint, Joslyn is the "biological and legal mother" of J.S., and Jason is the biological grandfather. (*See* Compl. ¶ 11-12.) Plaintiffs allege that "[a] termination order was entered by the 362nd District Court of Denton County; however, [] the court never lawfully acquired jurisdiction due to warrantless seizure, lack of exigent circumstances, and fraud in the procurement of jurisdiction, rendering the order void ab initio." (*Id.* ¶ 11.)

According to the Complaint, DFPS "procured [J.S.'s removal] through affidavits and reports containing false statements and material omissions, including withholding exculpatory evidence." (*Id.* ¶ 19.) Other than alleging that "[l]aw-enforcement records, body cam, and contemporaneous evidence contradict the allegations used to justify removal," Plaintiffs provide no detailed factual allegations regarding the circumstances of J.S.'s removal. (*See* Compl ¶ 20.) Nor do they provide any details about underlying removal proceedings other than stating that "J.S. is currently placed with a foster parent[, and] a permanency hearing is scheduled for February 2026[.]" (*Id.* ¶ 24.)

Plaintiffs assert constitutional violations under the Fourth and Fourteenth Amendments. (*Id.* ¶¶ 27-29.) Plaintiffs request that this Court "[o]rder the

immediate return [of J.S.] to his mother;" "[e]njoin Defendants from enforcing any CPS, termination, custody, or related orders . . . and proceeding with any permanency or adoption proceedings pending finding resolution"; "[o]rder preservation of all records and evidence"; and "[g]rant such other and further equitable relief as the Court deems just." (*Id.* at ECF p.5.)  Plaintiffs also request a declaration from this Court "pursuant to 28 U.S.C. §§ 2201-2202 that the seizure was unconstitutional and void ab initio." (*Id.* ¶ 32.)

Plaintiffs filed an Emergency Motion for Temporary Restraining Order ("TRO") and Request for Preliminary Injunction (Dkt. No. 4), which was denied the same day by United States District Judge Brantley Starr (Dkt. No. 7).  As Judge Starr explained: "The domestic relations exception to federal jurisdiction means the Court likely lacks jurisdiction over this case.  Accordingly, the Court cannot say plaintiffs are likely to prevail on the merits."  On January 27, 2026, Plaintiffs filed a Motion for Reconsideration of the TRO (Dkt. No. 11), which Judge Starr again denied (Dkt. No. 13), noting that the motion for reconsideration merely reasserted the same arguments as the original TRO motion (*see id.*).

Then, on January 27, 2026, Plaintiffs filed an Emergency Motion to Expedite Consideration of Jurisdiction and Request for Prospective Injunctive Relief (Dkt. No. 9), and on February 10, 2026, filed a "Post-Fee Motion Establishing Subject-Matter Jurisdiction and Requesting Threshold Article III Determination (Dkt. No. 14), both of which seek an expedited ruling on this Court's subject matter jurisdiction.  Because Plaintiffs have not established federal subject matter

jurisdiction over this child custody dispute, the undersigned recommends that this lawsuit be dismissed without prejudice.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *La. Real Est. Appraisers Bd. v. Fed. Trade Comm'n*, 917 F.3d 389, 391 (5th Cir. 2019) (quoting *Texas v. Travis Cnty.*, 910 F.3d 809, 811 (5th Cir. 2018)). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

While pleadings by pro se plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, No. 3:04-CV-0483-M, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's

4

vaguely-pleaded claims." *Mass*, 2004 WL 2624255, at \*2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a pro se litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez*, No. 2:00-CV-0064, 2001 WL 506982, at \*2 (N.D. Tex. May 14, 2001).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction sua sponte.") (citation omitted). Furthermore, federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction sua sponte." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017); *see also Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction sua sponte).

### III. DISCUSSION

Although Plaintiffs allege violations of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983, their complaint makes clear that their allegations arise from a state family law case involving child protection and removal proceedings commenced by DFPS and Plaintiffs' disagreement about the outcome of those proceedings. (*See generally* Compl.)

"[I]n general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004). "'The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.' Federal courts repeatedly have declined to assert jurisdiction over divorces that presented no federal question." *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979) (quoting *In re Burrus*, 136 U.S. 586, 593-594 (1890)); *see also Crouch v. Crouch*, 566 F.2d 486, 487-88 (5th Cir. 1978). "[W]hen a suit is in substance a domestic relations suit, brought in the guise of a civil rights or federal question action, federal courts will decline to exercise jurisdiction. Because state courts historically have decided these matters, they have developed a proficiency and expertise in these cases and a strong interest in disposing of them." *Shean by and through Shean v. White*, 620 F. Supp. 1329, 1331 (N.D. Tex. 1985) (quoting and citing *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981) (internal quotation marks omitted)).

6

Even where a plaintiff sues under Section 1983 such that the Court has federal-question jurisdiction under 28 U.S.C. § 1331, "federal courts abstain from adjudicating family-law disputes under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)." *Walker v. Walker*, Civ. A. No. 4:20-1204, 2021 WL 3642077, at *3 (S.D. Tex. July 28, 2021) (quoting *Estate of Merkel v. Pollard*, 354 F. App'x 88 at 92 (citing, in turn, *Ankenbrandt v. Richards*, 504 U.S. 689, 705-06 (1992))); *see also DuBroff v. DuBroff*, 833 F.2d 557, 561 (5th 1987) ("In *Burford v. Sun Oil Co.*, … the [United States] Supreme Court established the principle that some cases properly brought in federal courts should nevertheless be dismissed to the state courts for resolution because of a concern for comity between sovereigns."); *see also Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1079 (5th Cir. 1990) (concluding that "the final resolution of this dispute is of necessity so intertwined with parental rights and the custodial status of the child that it cannot fairly be separated" and therefore, abstaining from hearing action under the domestic relations exception); *Shean*, 620 F. Supp. 1329 at 1331 ("[W]hen a suit is in substance a domestic relations suit, brought in the guise of a civil rights or federal question action, federal courts will decline to exercise jurisdiction.").

In addition to the domestic relations exception, *Younger* abstention also counsels against a federal court exercising jurisdiction over what appears to be an ongoing child custody dispute. "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state

has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotations omitted); *see Younger v. Harris*, 401 U.S. 37, 43–47 (1971).

Although Plaintiffs contend that *Younger* abstention is inapplicable because they suffered constitutional violations during the removal proceedings (*see* Compl. ¶¶ 9, 19), there is no reason to conclude that Plaintiffs cannot raise these claims with the Texas state courts. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) ("Minimal respect for the state processes . . . precludes any *presumption* that the state courts will not safeguard federal constitutional rights.") (emphasis in original).

Finally, to the extent Plaintiffs complain of injuries caused by a state-court judgment, *Rooker–Feldman* doctrine establishes that a federal court lacks subject matter when issues in federal court are "inextricably intertwined" with a final state court judgment such that the court is "in essence being called upon to review a state-court decision." *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (The *Rooker-Feldman* doctrine bars federal "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.")

In sum, Plaintiffs' complaint amounts to a collateral attack on ongoing state proceedings concerning the custody of a child, which the state has an important

interest in regulating.  Plaintiffs present no reason for this Court to interfere.  Thus,

Plaintiffs' claims are best left to the state courts and their appellate remedies.

## IV.  RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that the Motions to Expedite

(Dkt. Nos. 9, 14) be **GRANTED** and further **RECOMMENDS** that this lawsuit be

**DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO RECOMMENDED** on March 5, 2026.

_____

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. C. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).